UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS EARLS,

        Plaintiff,                      Case No.  2:10-CV-141

v.

                                              HON. GORDON J. QUIST

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND OPINION DISMISSING COMPLAINT

The Court has reviewed the Report and Recommendation (R & R) filed by the United States Magistrate Judge on February 17, 2012.  The R & R was sent to Plaintiff via U.S. Mail on February 16, 2012.  No objections have been filed pursuant to 28 U.S.C. § 636(b)(1)(c).  The R & R will be adopted, except as to its finding that Plaintiff created a genuine issue of material fact to withstand summary judgment.  (R & R at 5, first full paragraph, last sentence).  Specifically, this Court rejects the R & R's finding that there is a genuine issue of material fact regarding whether Defendants had the requisite personal involvement in the promulgation or enforcement of the allegedly unconstitutional policy–Michigan Department of Corrections Policy Directive 05.03.150 (the "Policy Directive)–to be liable under Section 1983.

Defendants' motions for summary judgments will be granted and Plaintiff's claim will be dismissed because: A) Plaintiff did not satisfy his evidentiary burden on summary judgment; B) Plaintiff did not show that Defendants had the requisite personal involvement to impose Section 1983 liability; and C) Plaintiff's complaint does not state a claim for which relief can be granted.

    **A.**    **Plaintiff has not satisfied his evidentiary burden on summary judgment**

First, except as to Defendant Bergh, Plaintiff's claims will be dismissed because he has not met his evidentiary burden on summary judgment.  The R & R noted that Defendants "assert that

they had no direct involvement with Plaintiff's situation." Thus, after Defendants showed that there is an absence of evidence, Plaintiff then had the burden to put forth sufficient evidence to create a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). As the R & R noted, Plaintiff's exhibits show that Defendant Bergh acknowledged receipt of Plaintiff's complaint regarding the practices that form the basis of Plaintiff's Section 1983 complaint. With respect to every other defendant, however, Plaintiff provides no evidence besides his unsubstantiated attestation that the Defendants promulgated or enforced the Policy Directive. Essentially, this is Plaintiff relying on his pleadings, which is insufficient to withstand summary judgment. Even treating Plaintiff's response and complaint as an affidavit, a mere scintilla of evidence in support of Plaintiff's position is insufficient to withstand summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Plaintiff has not established any foundation that he would have the personal knowledge to know whether any of the Defendants had a role in the drafting or implementation of the Policy Directive. Therefore, every defendant, besides Defendant Bergh, will be dismissed because Plaintiff has not put forth more than a scintilla of evidence that Defendants had any involvement in the implementation and enforcement of the Policy Directive at issue.

  **B.**  **Plaintiff did not show the requisite involvement to impose Section 1983 liability**

  Even if Plaintiff had provided sufficient evidence to establish that *each* Defendant had a hand in the promulgation, drafting, implementation, or enforcement of the Policy directive, Plaintiff has not put forth sufficient evidence to show that any Defendant had the requisite involvement to impose liability under Section 1983. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Here, Plaintiff alleges that Defendants are liable because they are responsible for administering the prison system and correctional facilities. This is not sufficient involvement to impose Section 1983

liability. Furthermore, even if Defendant Bergh and other Defendants failed to act in the face of Plaintiff's letters and complaints, "Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Mich. Parole Board*, 104 F. App'x 490, 493 (6th Cir. 2003); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Shabazz v. Martin*, 2006 WL 305673, at *3 (E.D. Mich. Feb. 9, 2006) ("While it is arguable that Defendant Martin had a duty to ensure that prisoners' religious freedoms were respected, Plaintiff has failed to demonstrate that Defendant Martin had actual knowledge that the MDOC policy 05.03.150 was infringing on Plaintiff's First Amendment rights. Since Defendant Martin had no actual knowledge of the constitutional violation, he could not have '[a]bandoned the specific duties of his position . . .' to ensure that Plaintiff's right to the free exercise of his religion was not infringed upon." (citing *Hill v Marshall*, 962 F.2d 1213 (6th Cir. 1992))). Therefore, every Defendant will be dismissed for lack of the requisite involvement to impose liability under Section 1983.

  **C.**  **Plaintiff does not state a claim upon which relief can be granted**

Even had this Court adopted the R & R in full, this Court would have dismissed Plaintiff's complaint for failure to state a claim. As the R & R found, to which no party objected, "Plaintiff's claims against [Defendants] must be based on [Defendants'] policy making roles."

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss *at any time* any prisoner action if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2) (emphasis added); 42 U.S.C. § 1997e(c).

Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff's complaint

alleges violations of the First Amendment, Equal Protection Clause, and the Religious Land Use and Institutional Persons Act. (Am. Compl. ¶ 11 (docket no. 13 at 4).) Plaintiff's complaint will be dismissed because Defendants' involvement in the promulgation and enforcement of the Policy Directive do not infringe on any of these rights.

By arguing that Defendants are responsible because of their role in implementing and enforcing the Policy Directive, Plaintiff appears to assert that the Policy Directive is on its face unconstitutional. To prevail on this claim, Plaintiff "must establish that no set of circumstances exists under which the [challenged policies] would be valid." *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095 (1987). Plaintiff has not alleged that there exists no circumstances under which this policy would be constitutional. *See also Porter v. Caruso*, 479 F. Supp. 2d 687, 700 (W.D. Mich. 2007) ("The Court finds that [MDOC Policy Directive 05.03.150] is not unconstitutional on its face."). Therefore, Plaintiff fails to state a Section 1983 claim that Defendants implemented an unconstitutional policy.

Moreover, as applied to Methodists, Plaintiff alleges that Defendants' policy engages in "interdenominational discrimination within the Christian faith." (Am. Compl. ¶ 7.) Plaintiff further alleges that Defendants subjected "Methodist inmates to distinctive treatment in that they have to renounce their religious affiliation in order to attend a Christian church service." These allegations do not state a claim upon which relief can be granted because Plaintiff does not allege that any Defendant had any involvement in the enforcement of the Policy Directive. Indeed, the sole exhibit that Defendant incorporates into his complaint (Am. Compl. ¶ 14 (incorporating his previous brief which included the exhibit)), shows that Chaplain Van Hartesvelt, who is not a defendant, enforced the Policy Directive. Thus, since Defendants' liability can only be premised on their supervisory role, and not on the enforcement of the policy, Plaintiff's as applied challenge to the Policy Directive is dismissed.

4

Furthermore, Plaintiff's contention that the Policy Directive required Methodists to "renounce" their religion is wholly conclusory and contradicted by the face of his complaint. In the complaint, Plaintiff notes that Methodist is a denomination within the Protestant branch of Christianity. That is, Plaintiff concedes that Methodists, including himself, are Protestant Christians. The only thing that Plaintiff had to do to attend the Protestant Christian group service–the service that Plaintiff aspired to attend–was to list his religious affiliation as Protestant Christian on his CSJ-177 form. By his own account, this would not have been "renouncing" his religion, it would have been identifying the branch of Christianity to which he belonged. Thus, Plaintiff's factual allegations do not allow this Court to draw a *reasonable* inference that Defendants are liable for the misconduct alleged–i.e., that Defendants required Plaintiff to "renounce" his religion. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasis added). Plaintiff's Equal Protection claim resting upon his factual allegation that Methodists were required to renounce their religion will thus be dismissed. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 17, 2012 (docket no. 60) is **ADOPTED**, except its finding that there is an issue of fact whether Defendants "had the requisite personal involvement" to impose Section 1983 liability.

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment (docket nos. 39 & 49) are **GRANTED**.

This case is concluded.

Dated:  March 27, 2012                                  /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE